UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
EUROPA EYE WEAR CORP.,              )
                                    )                CIVIL ACTION
            Plaintiff,              )
                                    )                NO. 19-40022-TSH
      v.                            )
                                    )
KAIZEN ADVISORS, LLC and AO         )
EYEWEAR, INC.,                      )
                                    )
            Defendants.             )
_____ )
_____
                                    )
ALAN MCKINLEY,                      )
                                    )
            Plaintiff,              )                CIVIL ACTION
                                    )
      v.                            )                NO. 19-40024-TSH
                                    )
KAIZEN ADVISORS, LLC,               )
                                    )
            Defendant.              )
_____ )

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTIONS TO DISMISS, OR ALTNERATIVELY TO TRANSFER VENUE**

**July 9, 2019**

**HILLMAN, D.J.**

Europa Eye Wear Corporation ("Europa") and Alan McKinley ("McKinley"), president of AO Eyewear, Inc. ("AO"), brought these actions seeking declaratory judgment that Kaizen Advisors, LLC ("KZA") could not enjoin its impending acquisition AO, (Docket No. 1, No. 4:19-cv-40022-TSH), and that McKinley is not liable to KZA for fraud (Docket No. 1, No. 4:19-cv-40024-TSH). In both actions, KZA subsequently moved to dismiss or alternatively, transfer on the grounds Europa's and McKinley's claims falls within the scope of two forum-selection clauses

governing the relationship between KZA and AO, which require all claims to be brought in California. (Docket No. 28, No. 4:19-cv-40022-TSH; Docket No. 11, No. 4:19-cv-40024-TSH). For the reasons stated below, KZA's motions are ***granted***.[1]

**Background**

KZA negotiated and conducted due diligence to acquire AO. In furtherance of their negotiations, KZA and AO entered two contracts, a Non-Disclosure and Non-Circumvention Agreement ("NDNCA") and a Letter of Intent ("LOI"), both of which include forum-selection clauses providing that disputes be resolved in California. The NDNCA, in relevant part, reads: "The parties agree and accept that any legal action or proceeding brought with respect to this Agreement shall be brought in the State of California or the United States District Court for the Central District of California, Los Angeles, California." (Docket No. 29-1, at 22, No. 4:19-cv-40022-TSH). Similarly, the LOI provides: "Any dispute shall be resolved exclusively in the State or Federal courts located in Los Angeles, California." *Id.* at 26.

Before the deal closed, however, AO terminated the planned acquisition and entered a binding letter of intent with Europa. Europa then filed this action for declaratory relief, outpacing KZA to the courthouse doors who subsequently filed its own action in California state court.[2]

**Legal Standard**

28 U.S.C. § 1404(a) is the appropriate framework to assess whether a Court should grant a motion to transfer due to a forum-selection clause. *Atl. Marine Const. Co. v. United States Dist. Court for W. Dist. Of Texas*, 571 U.S. 49 (2013). Under Section 1404(a), a district court may

---
[1] McKinley does not proffer any unique arguments why enforcing the forum-selection clauses is improper and instead relies on the arguments offered by Europa. *See generally* Docket No. 35, 4:19-cv-40022-TSH. Therefore, because the Court finds Europa's arguments unconvincing, both cases will be transferred to the Central District of California. Further, because the Court will transfer the cases, it will not address KZA's motions insofar as it seeks dismissal of Europa's or McKinley's claims.
[2] Europa has since removed that action to federal court in the Central District of California.

transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." "Although a plaintiff's choice of forum is ordinarily entitled to some deference, a valid forum-selection clause alters that calculus." *Deese-Laurent v. Real Liquidity, Inc.*, 305 F. Supp. 3d 280, 283 (D. Mass. 2018); *see also Alt. Marine*, 571 U.S. at 63 ("[W]hen a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercise its 'venue privilege' before a dispute arises."). Therefore, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). In addition, "[t]he burden of proof . . . rests with the party opposing enforcement of the forum-selection clause." *Deese-Laurent*, 305 F. Supp. 3d at 283; *see also Alt. Marine*, 571 U.S. at 63-64.

After *Atlantic Marine*, "in the vast majority of cases when a forum-selectin clause is included, a § 1404(a) motion to transfer will be allowed." *Kebb Mgmt. v. Home Dept U.S.A., Inc.*, 59 F. Supp. 3d 283, 287 (D. Mass. 2014). "The *Atlantic Marine* standard is irrelevant, however, if the clause does not govern the claims set forth in the complaint." *Deese-Laurent*, 305 F. Supp. 3d at 283. "[T]he threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009). "The next step in evaluating the applicability of a forum selection clause is ascertaining its scope." *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 47 (1st Cir. 2014) (quoting *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 92-93 (1st Cir. 2010)); *see also Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 21 (1st Cir. 2011) ("[B]oth sides agree that the clause is exclusive; the issues primarily in dispute are whether the

clause covers the claims set forth in [plaintiff's] complaint and, if so, whether the clause is enforceable."). "[I]t is the language of the forum selection clause itself that determines which claims fall within its scope." *Carter's of New Bedford, Inc. v. Nike, Inc.*, 790 F.3d 289, 293 (1st Cir. 2015) (quoting *Rivera*, 575 F.3d at 19).

## **Discussion**

The parties agree that the written agreements between KZA and AO contain a forum-selection clause designating California as the exclusive venue for any legal proceeding relating to the agreement. I find that these clauses are mandatory. *See Provanzano*, 827 F. Supp. 2d 53, 60 (D. Mass. 2011) ("The use or words such as 'will' or 'shall' demonstrate parties' exclusive commitment to the named forum."); *see also Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001). Consequently, I must decide the scope of the clauses, which is the essence of the parties' disagreement. Specifically, the parties dispute whether Europa is bound by the clauses as a non-signatory and consequently precluded from seeking declaratory judgment in this Court.

In general, "the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Grp., LLC v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Indeed, "[a] literal approach to interpreting forum selection clauses—an approach that always ignored affiliates of the signatories—could . . . undermine the contribution that such clauses have been praised for making to certainty in commercial transactions." *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 441 (7th Cir. 2012). Accordingly, a non-party to a forum selection clause may be bound if it is "closely related to the dispute such that it becomes foreseeable that it will be bound." *Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc.*, 677 F. Supp. 2d 373, 379 (D. Mass. 2009); *see also Marano*

*Enters. Of Kans. V. Z–Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (holding that a third party may be bound by a forum-selection clause where it is "closely related to the dispute such that it becomes foreseeable that it will be bound"). Some courts have found a nonparty is "closely related" where its interests are "'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interest or conduct." *See, e.g.*, *Leviton Mfg. Co., Inc. v. Reeve*, 942 F. Supp. 2d 244, 258 (E.D.N.Y. 2013) (citations omitted). In addition, courts have also held that tort claims against a non-signatory are within the scope of a forum-selection clause if the tort claims "ultimately depend on the existence of a contractual relationship" between the signatory parties, *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989), or if "resolution of the claims relates to interpretation of the contract," *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

In *Rivera*, for example, a medical patient signed pre-procedure consent documents containing a forum-selection clause. After complications following surgery, the patient and his wife sued the hospital. The patient's wife, a non-signatory to the forum-selection clause, brought a claim for emotional distress. The First Circuit concluded that both the patient and his wife were bound by the forum-selection clause because "'claims involving the same operative facts' as a claim for breach of contract that is subject to a forum selection clause should also be litigated in the forum chosen by the parties." *Rivera*, 575 F.3d at 24 (quoting *Lambert*, 983 F.2d at 1121-22). The court reasoned that finding the derivative claims within the scope of the forum-selection clause was "the only sensible outcome when the relative cause of action is not only related to, but dependent upon, the subject cause of action. To hold otherwise would be to ignore the fundamental principle of judicial economy." *Id.* (citation omitted);

Here, in the California Action, KZA seeks damages and injunctive relief based on AO's alleged breaches of the LOI and NDNCA, AO and McKinley's alleged fraud, and Europa's alleged interference with KZA's existing contractual and prospective economic relationships. *See generally* Docket 29-1, No. 4:19-cv-40022-TSH. In its Amended Complaint in this Court, Europa seeks a declaration that "KZA is not entitled to delay or prevent the sale of AO[ ], or any of its assets, to Europa, whether by temporary restraining order, preliminary injunction or other judicial decree." (Docket No. 27 ¶ 16, No. 4:19-cv-40022-TSH). Whether KZA is entitled to delay or prevent the sale of AO, however, necessarily requires an interpretation of the contracts between KZA and AO. *See Manetti-Farrow, Inc.*, 858 F.2d at 514 n.5 (finding non-signatory's tortious conduct within the scope of forum-selection clause where "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants"). Therefore, like in *Rivera*, the disputes between KZA and AO and between KZA and Europa are based on the same set of operative facts such that this case warrants transfer. *See Rivera*, 575 F.3d at 24.

Europa contends that enforcing the forum-selection clause is improper because it is not subject to personal jurisdiction in California. It is true that several of the cases enforcing forum-selection clauses against non-signatories noted above involve motions to dismiss for improper venue, not for want of personal jurisdiction. This distinction is not without a difference. "While objections to both personal jurisdiction and venue may be waived, venue is primarily a matter of choosing a convenient forum and implicates no constitutional principle, while due process considerations are present in all personal jurisdiction inquiries." *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 924 (N.D. Ill. 2017) (quotation marks, brackets, and citation omitted); *see also In re: Howmedica Osteonics Corp*, 867 F.3d 390, 409 (3d Cir. 2017) (severing and

6

transferring claims against non-signatory to forum-selection clause where the chosen forum lacked personal jurisdiction over the non-signatory).

The Court recognizes the significant due process considerations implicated where forum-selection clauses are applied to a non-signatory. In this case, however, unlike in *Guaranteed Rate* and *Howmedica Osteonics*, Europa is the *plaintiff* seeking declaratory judgment not a defendant being haled into a forum with which it has no contacts. Accordingly, like all other plaintiffs, if it wishes to proceed with its claims, it must do so in the proper forum. Here, that is the Central District of California. If it objects to forum-selection clause on jurisdictional grounds, the California Action (where Europa is a defendant) is the appropriate court to adjudicate those claims upon a more fully developed record than presented to this Court.

## Conclusion

For the reasons stated above, KZA's motions are ***granted***. Accordingly, it is ordered that this case be transferred to the Central District of California.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**